USDC SCAN INDEX SHEET











NATIONAL ENTERPRISES

JOSEPH-BURNHAM PRT

JRL    11/28/97    14:28
3:97-CV-01185
*43*
*O.*

FILED
NOV 24 1997
CLERK, U.S DISTRICT COURT
SOUTHERN DISTRICT OF CA
BY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ENTERPRISES, INC., <br><br>　　　　　　　　Plaintiff, <br><br>vs. <br><br>JOSEPH-BURNHAM PARTNERSHIP, <br><br>　　　　　　　　Defendant. <br><br>And All Related Cross-Actions | CASE NO. Civ. 97-1185-B (CGA) <br><br>ORDER DENYING PLAINTIFF/CROSS-DEFENDANT NATIONAL ENTERPRISE'S AND THIRD-PARTY DEFENDANT MOREHOUSE ACQUISITIONS' MOTION TO DISMISS FOR IMPROPER VENUE |

On September 26, 1997, Plaintiff/Cross-Defendant National Enterprise, Inc. (NEI) and Third-Party Defendant Morehouse Acquisitions No. 1, LLC (Morehouse) filed a motion pursuant to Fed. R. Civ. P. 12(b)(3) to dismiss the complaints filed against them by the Federal Deposit Insurance Corporation (FDIC), a cross-defendant in this action, for improper venue. Defendants/Cross Complainants Joseph-Burnham Partnership (JBP), Malin Burnham, Robert Lichter, Kenneth R. Satterlee, John Tanner, Joseph Realty Management, L.P., Joseph Realty Management, Inc., and Joseph Development Corporation filed an opposition brief on October 31, 1997. FDIC filed an opposition brief on November 3, 1997. NEI and Morehouse filed a reply to the opposition papers on November 13, 1997. Upon due consideration of the moving and responding papers and for the reasons set forth below, the

43   -1-   ENTERED ON 11-28-97   97cv1185

1  Court hereby DENIES the motion to dismiss the FDIC's complaints for improper venue.

## I. BACKGROUND

The underlying case is an action for collection of a debt. Because the Federal Deposit Insurance Corporation is a party to this action, the Court has subject matter jurisdiction over it pursuant to 12 U.S.C. § 1819(b)(2)(A) and 28 U.S.C. § 1331.

On June 28, 1991, Joseph-Burnham Partnership (JBP), a general partnership, entered into a loan agreement with Old Stone Bank (OSB). The $2,000,000 unsecured loan was evidenced by a promissory note (OSB note). The general partners of JBP signed the note on behalf of the partnership. On July 8, 1994, OSB was declared insolvent, and the Resolution Trust Corporation (RTC) became the receiver for OSB. FDIC became the new receiver when the RTC dissolved on December 31, 1995. On February 9, 1996, FDIC, acting as receiver, assigned all of OSB's interest in the loan, along with the note, to Morehouse pursuant to a loan sale agreement (Agreement) negotiated by the RTC before its dissolution. Morehouse in turn assigned the loan to NEI on February 20, 1996.

On August 21, 1996, NEI filed an action in the California Superior Court in San Diego to collect the debt from JBP. On June 5, 1997, JBP filed a counterclaim against NEI and a cross-complaint in interpleader against FDIC asserting that the OSB note had been unlawfully acquired from FDIC. JBP most likely did this to avoid the possibility of multiple liability in case it lost the suit with NEI, and then if FDIC later were to claim that it was the true owner of the OSB note. The FDIC promptly removed the action to this Court. On September 8, 1997, the FDIC filed an answer to the JBP interpleader complaint, a counterclaim against NEI, and a third-party complaint against Morehouse. In its claims, FDIC also asserts that Morehouse and NEI conspired to obtain the OSB note illegally. The FDIC seeks to determine who the true owner of the note is and to force NEI and/or Morehouse to disgorge any illegal profits either or both of them may have made from the loan sale.

## II. DISCUSSION

A.   **Standard of law**

In deciding a motion brought under Fed. R. Civ. P. 12(b)(3), a district court is not required to accept the facts alleged in the pleadings as true, and the court may consider facts outside the pleadings. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Generally, a case must be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). If venue is improper 28 U.S.C. § 1406(a) requires dismissal, or, if it is in the interests of justice, transfer to another district, upon a timely and sufficient objection by the defendant. Further, once an objection to venue has been raised, the plaintiff (FDIC, for the purpose of this motion) bears the burden of establishing that venue is proper. A district court's decision to dismiss or transfer a case for improper venue is reviewable only for abuse of discretion. Central Valley Typographical Union No. 46 v. McClatchy Newspapers, 762 F.2d 741, 745 (9th Cir. 1985).

**B.    Venue in this district is proper under the venue statutes.**

Under the normal rules, venue in this Court is proper. 28 U.S.C. § 1391(b) provides the venue rules for cases brought under federal question jurisdiction. It states that venue is proper (1) where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(c) specifies that a corporate defendant resides in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. Morehouse and NEI are both headquartered in San Diego. Therefore, venue as to them is proper in the Southern District of California.

**C.    The forum selection clause.**

Movants claim that the Court should dismiss FDIC's counterclaim and third-party complaint for improper venue because of a forum selection clause contained in the loan sale agreement (Agreement) between FDIC and Morehouse. The relevant clause provides,

> This Agreement shall be construed, and the rights and obligations of Seller and Buyer hereunder determined, in accordance with federal statutory or common law ("Federal Law"). Insofar as there may be no applicable rule or precedent under Federal Law and insofar as to do so would not frustrate the purposes of FIRREA or any provision of this Agreement, the local law of the State of New York shall be deemed to control without giving effect to any choice of law principles. . . . [T]he parties agree that any legal actions between Buyer and Seller regarding the purchase of the Loans hereunder shall be originated in the United States District Court in and for the State of New York, subject to any rights of removal Seller may have, and Buyer hereby consents to the jurisdiction of said court in connection with any action or proceeding initiated concerning this Agreement . . . .

Agreement 35-36 (emphasis added).

FDIC and the JBP parties contend that the forum selection provision does not apply to the claims filed in this action by FDIC because these claims were not original actions initiated by FDIC or Morehouse. Furthermore, FDIC argues that because NEI was not a party to the Agreement, it is not entitled to enforce any of the terms therein. Finally, the opposing parties assert that regardless of the Agreement, the doctrine of "ancillary venue" prohibits Morehouse from objecting to venue.

The forum selection clause provides that any legal action between FDIC and Morehouse must originate in New York. The clause also applies as between FDIC and NEI because NEI stands in the shoes of Morehouse as assignee of Morehouse's rights under the Agreement. FDIC's third-party claim and counterclaim would be subject to the forum selection clause if they were filed independently, but that is not the case here. This case was initiated by NEI, but neither FDIC nor Morehouse were parties to the original action. FDIC's claims are subject to this Court's supplemental jurisdiction over related claims pursuant to 28 U.S.C. § 1367(a). That statute replaced the old "pendant" and "ancillary" jurisdiction categories, providing for one form of subject matter jurisdiction over all related claims. It provides,

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . . Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The issue of who rightfully owns the OSB note is a key issue in the underlying litigation.

FDIC's claims against Morehouse and NEI also require determination of this issue and are therefore part of the same case or controversy as the NEI/JBP dispute. Therefore, the court has proper supplemental subject matter jurisdiction over these claims.

The Court elects to follow the precedent of other courts in holding that third-party defendants and counter-defendants may not object to venue over the supplemental claims against them. E.g., ABCKO Music, Inc. v. Beverly Glen Music, Inc., 554 F. Supp. 410, 412 (S.D.N.Y. 1983); Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 286 F. Supp. 62, 66 (N.D. Ill. 1968). The rule should logically be the same regardless of whether objection to venue is made under the venue statutes or pursuant to a forum selection clause. The common sense behind this rule is apparent on these facts. If FDIC's claims in this action are dismissed, FDIC would likely re-file its claims in New York and seek to consolidate the cases. In that event, the entire case would either be heard in the Southern District of California, or it would be litigated in New York. The latter result would be extremely unfair to JBP and its partners, who were not parties to the Agreement and never did anything that would give them reason to anticipate being hailed into court in New York. The former result would be the same as if the claims were never dismissed.

## III. CONCLUSION

For the reasons stated above, the Court hereby DENIES the Morehouse/NEI motion to dismiss for improper venue.

IT IS SO ORDERED.

DATED: NOV 24 1997

UNITED STATES DISTRICT JUDGE

cc: All Parties
Magistrate Judge